UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:

CLINTON B. HENDERSON and            CASE NO. 08-60255
RENETA HENDERSON

                     Debtors.            Chapter 7

_____

RONALD J. SCHEIDELMAN,
KHALIDA SCHEIDELMAN,

                                           Adversary Proceeding No. 09-80035-6-dd

      -against-

                                           **ANSWER**

CLINTON B. HENDERSON,
RENATA. HENDERSON

_____

       Peter A. Orville, Esq., attorney for Debtors, Clinton B. Henderson and Renata A. Henderson, answers the Complaint as follows:

1.     With respect to paragraph 200 of the Complaint, Defendant admits in part, and denies in part, as follows:
   a. Defendant denies that any contract was conceived in fraud.
   b. Defendant admits that $20,000.00 was given to him by the Scheidelmans.
   c. Defendant admits that a conversation did take place; however, Defendant denies the substance of that conversation as set forth in paragraph 200.
   d. Defendant denies that any criminal liability attaches under the circumstances of this case.

2.     With respect to paragraph 201 of the Complaint, Defendant does not have reason to question the facts asserted in this paragraph, but Defendant does not have sufficient information or knowledge to admit or deny the number of the check or the exact date it was issued.

3.     With respect to paragraph 202 of the Complaint, Defendant denies that any criminal liability attaches under the circumstances of this case.

4. With respect to paragraph 203, Defendant admits that a conversation did take place, but denies the substance of that conversation as set forth in paragraph 203. Defendant denies any and all information contained in paragraph 205, which appears to be improperly incorporated by reference into paragraph 203.

5. With respect to paragraph 204, Defendant denies that any criminal liability attaches under the circumstances of this case.

### AS AND FOR AN AFFIRMATIVE DEFENSE

6. There is no debt due owing as a result of spending "the entire $20,000.00 on matters unconnected with the contract". The $20,000.00 deposit that the Scheidelmans gave to the Defendant was for the stated purpose of excavation and foundation work. The excavation and foundation work was completed. It was paid for through an arrangement made between Defendant and a third party, who was present at the conversation on or about May 16, 2006, referenced in paragraph 1. Such arrangement was acknowledged and approved by the Scheidelmans.

7. A review of the proof of claim filed by the Scheidelmans shows that the debt claimed is for matters wholly unrelated to excavation and foundation work. Irrespective of whether the $20,000.00 given by the Scheidelmans to the Defendant was used for the original stated purpose, there is no debt due and owing to the Scheidelmans, as the funds were advanced for excavation and foundation work, which was successfully completed.

**WHEREFORE**, in consideration of the foregoing, it is hereby respectfully requested that the Court dismiss the instant amended adversarial complaint, as there is no debt due and owing to the Scheidelmans as a result of defalcation.

Dated: 2/5/10                           /s/ Peter Orville
                                        PETER A. ORVILLE, ESQ.
                                        Attorney for Defendant
                                        30 Riverside Drive
                                        Binghamton, NY  13905