PETER A. ORVILLE, P.C.
PETER A. ORVILLE, ESQ.
*Attorneys for Debtors-Defendants*
30 Riverside Drive
Binghamton, New York 13905

RONALD J. and KHALIDA SCHEIDELMAN
*Pro Se Plaintiffs*
3 Greene Street
Oxford, New York

In Re:  Clinton B. and Renata Henderson
        Chapter 7 Case No.: 08-60255

        Scheidelman v. Henderson
        Adversary Proceeding No.: 09-80035

## LETTER-DECISION AND ORDER

Before the Court is the motion of Ronald and Khalida Scheidelman (collectively, "Plaintiffs") titled "Motion for Petitioning the Court to File Plaintiffs' Third Amended Complaint," filed in the above-referenced adversary proceeding on September 22, 2010 ("Plaintiffs' Motion") (ECF Adv. No. 83),[1] and heard at the Court's regular motion term in Binghamton, New York on October 7, 2010.  Clinton and Renata Henderson (collectively, "Debtors") filed a response to Plaintiffs' Motion on September 29, 2010 ("Debtors' Response") (ECF Adv. No. 85), and Plaintiffs in turn filed a reply to Debtors' Response on October 5, 2010 ("Plaintiffs' Reply") (ECF Adv. No. 89).  After consideration of the parties' written submissions and argument on October 7, 2010, the Court orally denied Plaintiffs' Motion on the record.

For numerous reasons, as more fully set forth herein, the Court deems it necessary to issue this Letter-Decision and Order clarifying its findings of fact and conclusions of law to the

---

[1] Documents filed in the adversary proceeding shall be referenced as ("ECF Adv. No. __"), whereas documents filed in the main Chapter 7 case shall be referenced as ("ECF No. __").

extent required by Federal Rule of Bankruptcy Procedure 7052.[2]  The Court has jurisdiction to decide this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and 157(a), (b)(2)(I), and (J).

The substantive relief requested by Plaintiffs exceeds the relief that is referenced in the caption of Plaintiffs' Motion.  In addition, Plaintiffs seek the same relief as in an earlier filed motion, which the Court previously denied.  It appears from the text of the original motion papers that Plaintiffs seek (1) leave to file a Third Amended Complaint, and (2) to alter or amend the Court's September 29, 2010 Order ("September 2010 Order") (ECF Adv. No. 88) denying their motion to compel and to defer discharge filed on August 23, 2010 ("Plaintiffs' Motion to Compel") (ECF Adv. No. 78).[3]  Accordingly, the Court's determination is governed, respectively, by Civil Rules 15, made applicable to adversary proceedings by Bankruptcy Rule 7015, and 59, made applicable to adversary proceedings by Bankruptcy Rule 9023.

### *Plaintiffs' Request for Leave to Amend and File a Third Amended Complaint*

The detailed history of this adversary proceeding is set forth in the Court's January 27, 2010 Memorandum-Decision and Order on Debtors' Motion to Dismiss Plaintiffs' Second Amended Complaint ("January 2010 Decision").  *Scheidelman v. Henderson (In re Henderson)*, 423 B.R. 598 (Bankr. N.D.N.Y. 2010) (ECF Adv. No. 30).  The Court therefore assumes familiarity with the facts and procedural history of this adversary proceeding, as outlined in its January 2010 Decision, as well as with all prior orders issued in this adversary proceeding and Debtors' underlying Chapter 7 case.  Of particular relevance here is the fact that the Court

---

[2] The Federal Rules of Bankruptcy Procedure shall be referenced herein as "Bankruptcy Rule __," while the Civil Rules of Federal Procedure shall be referenced herein as "Civil Rule __."

[3] The Court will address both requests for relief, as it must, under the well established rule that courts are required to give liberal construction to pro se pleadings.  This does not mean, however, that Plaintiffs are to be granted excessive leniency or to be excused from compliance with procedural rules.  *See, e.g., Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Rather, they must follow the same rules as all other civil litigants.  *Id.* (citing cases).

painstakingly examined Plaintiffs' Second Amended Complaint filed on October 1, 2009 (ECF Adv. No. 19), narrowed Plaintiffs' allegations to fourteen causes of action, and ultimately issued the January 2010 Decision dismissing all but one of Plaintiffs' 11 U.S.C. §§ 523 and 727 causes of action against Debtors–only Plaintiffs' 11 U.S.C. § 523(a)(4) claim against Debtor Clinton Henderson for defalcation survived.

Plaintiffs now state that they will show via a third amendment to their adversary complaint willful and malicious acts of Debtor Clinton Henderson, and further that "[a]ll matters to be included in [the third amended pleading] are matters that have come to light after the Second Amended Complaint was filed *or quantify the debt due [P]laintiffs under defalcation.*" (Pls.' Mot. ¶ 7) (emphasis added.)  Plaintiffs' Reply merely generalizes what they seek to add to the Second Amended Complaint, namely allegations that will prove and quantify the debt allegedly owed to Plaintiffs by Debtors.  (Pls.' Reply ¶ 4(e).)  This appears to be in response to Debtors' allegation that they do not owe a debt to Plaintiffs, which Plaintiffs allege surfaced for the first time during oral argument held on September 2, 2010, on Plaintiffs' Motion for Summary Judgment and Sanctions filed on July 20, 2010 ("Plaintiffs' Summary Judgment Motion") (ECF Adv. No. 71).[4]  Even if this were sufficient to support amendment, which the Court cannot find under the standard set forth below, this statement is simply inaccurate. Debtors first raised the lack of debt, the very existence of which is a threshold requirement of any 11 U.S.C. § 523 cause of action, as an affirmative defense to Plaintiffs' Second Amended Complaint in their Answer filed on February 5, 2010.  (ECF Adv. No. 36).  Plaintiffs, therefore, cannot claim that they were unaware of Debtors' challenge in this regard.

As the Court interprets Plaintiffs' Motion, now having had the benefit of deciphering Plaintiffs' pleadings, motions, and arguments for well over a year, it understands Plaintiffs'

---

[4] Plaintiffs' Summary Judgment Motion was denied by Order dated September 29, 2010.  (ECF Adv. No. 87.)

Motion as having two tactical underpinnings.  First, Plaintiffs may seek a third bite at the apple because they hope to cure the material deficiencies in their case as pointed out by the Court in its January 2010 Decision.  *See Henderson*, 423 B.R. at 626 (dismissing Plaintiffs' 11 U.S.C. §§ 523(a)(2), (6), 727(a)(3), (4)(A), (B), (6)(A) causes of action with prejudice).  Second, Plaintiffs may wish to restart the clock for discovery purposes, as the deadline has now passed for the completion of discovery as set forth in this Court's Scheduling Order issued on April 26, 2010 ("2010 Scheduling Order").  (ECF Adv. No. 47.)  The deadline for the completion of non-expert discovery expired on July 26, 2010.  The deadline for expert discovery expired on August 26, 2010.  Neither of these reasons warrant amendment of the Second Amended Complaint.

While leave to amend must be freely granted when justice requires under Civil Rule 15(a)(2), whether leave to amend should be granted depends on careful consideration of all the factors in the case.  *South Suburban Safeway Lines, Inc. v. Carcards, Inc.*, 256 F.2d 934, 935 (2d Cir. 1958).  It may be appropriately denied for good reason, including undue delay, bad faith, futility of the amendment, undue prejudice to the opposing party, and repeated failure to cure deficiencies where a party has already had an opportunity to replead after specific warnings about a pleading's deficiencies.  *See, e.g,. Holmes v. Grubman*, 568 F.3d 369, 334–35 (2d Cir. 2009); *Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 251 (2d Cir. 1994) (citing cases); *Taberna Capital Mgmt., LLC v. Jaggi*, 2010 U.S. Dist. LEXIS 35347, at *4–5 (S.D.N.Y. Apr. 9, 2010); *VR Global Partners, L.P. v. Bennett (In re Refco Capital Mkts.)*, 586 F. Supp. 2d 172, 176 (S.D.N.Y. 2008).

Debtors contend that further amendment by Plaintiffs in this case would be both futile and prejudicial for the reason that Plaintiffs have had more than ample time and notice to cure the deficiencies in their adversary complaint, yet failed to do so with the filing of their Second

Amended Complaint.  Further, Debtors emphasize that discovery has closed and a trial date has been set in this matter for December 6, 2010.  This Court agrees and can find no basis upon which to allow further amendment, notwithstanding Plaintiffs' pro se status.[5]

Among the factors to be considered for purposes of the Court's present ruling are futility and prejudice, both of which weigh heavily against Plaintiffs.  The standard for futility is whether a complaint, as amended, would be subject to dismissal.  *See, e.g., Neal v. Equifax Credit Info. Servs.*, 2004 U.S. Dist. LEXIS 26497, at *23 (N.D. Ga. Mar. 11, 2004) (citation omitted).  This standard is clearly met here because Plaintiffs' Motion fails to allege new facts that would be sufficient to state a claim upon which relief could be granted for any cause of action other than that under 11 U.S.C. § 524(a)(4).  Rather, Plaintiffs allege that Debtors' delays during the course of litigation provide a proper basis for an amendment.  The reasons for delay in this litigation, however, are equally, if not more, attributable to Plaintiffs' own conduct rather than to the conduct of Debtors.  While Plaintiffs have every right to pursue their claims against Debtors to the maximum extent possible, through and including the point of judgment thereon, the Court counts no less than twelve discovery or dispositive motions alone filed by Plaintiffs in Debtors' main case and in this adversary proceeding combined, including their initial demand for discovery,[6] nine motions to compel, schedule, or continue discovery,[7] a motion to sequester

---

[5] It must be noted that the Court previously determined in its January 2010 Decision that further amendment would be futile.  *Henderson*, 423 B.R. at 613 (stating "it is evident that neither the Court nor the parties would be well-served by Plaintiffs' further amendment of the pleadings").

[6] Debtors filed a Chapter 13 case and plan on February 8, 2008 (ECF Nos. 1, 2), followed by an amended plan on May 1, 2008 (ECF No. 13), but converted their case to one under Chapter 7 on July 24, 2008 (ECF No. 33).  Plaintiffs filed an objection to confirmation of Debtors' proposed Chapter 13 plan on March 25, 2008 (ECF No. 10), followed by an objection to confirmation of Debtors' proposed amended plan on May 28, 2008 (ECF No. 19).  Plaintiffs filed their initial demand for discovery on April 14, 2008 ("Plaintiffs' Initial Demand").  (ECF No. 12.)

[7] Plaintiffs filed numerous motions to compel, schedule, or continue discovery and/or for sanctions, including a motion to compel discovery filed on May 28, 2008 (ECF No. 20), a motion to compel discovery filed on October 6, 2008 (ECF No. 45), a motion to schedule discovery and subpoena witnesses and a motion to compel obedience to a prior discovery order on November 5, 2008 (ECF No. 62, 65), a motion to continue Debtor Clinton Henderson's Bankruptcy Rule 2004 Exam filed on April 3, 2009 (ECF No. 173), motions to require Debtors' counsel to submit to a polygraph examination, to compel production of documents, and to subpoena a non-party witness filed on June 16,

Debtors for a 2004 Exam,[8] and a motion for summary judgment,[9] as well as numerous motions for reconsideration, appeals, motions for recusal, and motions like this one under consideration for leave to amend the adversary complaint. As the Court previously stated in its January 2010 Decision, the result of such extensive motion practice is that the pace of the proceeding has been extremely slow, such that "Debtors' discharge has been held in abeyance for more than one year." *Henderson*, 423 B.R. at 613. As was true in January 2010, and is more so now that an additional nine months has passed, "the parties are deserving of resolution without sacrificing additional time, energy, and costs." *Id.*

Moreover, there is no question that amendment at this late hour would be prejudicial to Debtors. "Prejudice to the opposing party is 'the most important factor' in determining whether leave to amend should be granted or denied." *Taberna Capital Mgmt., LLC*, 2010 U.S. Dist. LEXIS 35347, at *4 (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal citation omitted)). Among the factors to be considered in determining whether leave to amend would be prejudicial to the defendants are whether such leave would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial, and (2) significantly delay resolution of the dispute. *Cyber Media Group v. Island Mortg. Network, Inc.*, 183 F. Supp. 2d 559, 583 (E.D.N.Y. 2002). It would be highly prejudicial to Debtors, who have awaited discharge since converting to Chapter 7 on July 24, 2008, and resolution of this

---

2010 (ECF Adv. Nos. 55, 57, 60), and a motion to compel production of documents filed on August 23, 2010 (ECF Adv. No. 78). To the extent relevant to this Letter-Decision and Order, the disposition of such motions is addressed above. It should also be noted that Plaintiffs sought and obtained numerous extensions of time to file the instant adversary proceeding. On May 14, 2009, the Court issued an Amended Order (ECF. Adv. No. 190), granting a final extension of time through and including May 21, 2009. Collectively, since the Clerk's post-conversion notice to creditors set the deadline for the filing of adversary complaints objecting to discharge or dischargeability for November 7, 2008 (ECF Adv. No. 39), the numerous extensions given Plaintiffs resulted in their having more than nine months to investigate and commence the instant adversary proceeding. If the time granted for amendment to the original filed adversary complaint is tacked on, which time expired on October 1, 2009, pursuant to the Court's Order dated September 14, 2009 (ECF Adv. No. 17), Plaintiffs were afforded nearly eleven months to draft a sufficient adversary complaint.
[8] Plaintiffs filed this motion on January 5, 2009. (ECF No. 95.)
[9] Plaintiffs filed this motion on July 20, 2009. (ECF Adv. No. 71.)

adversary proceeding since its commencement by Plaintiffs on May 21, 2009, to allow Plaintiffs to restate their allegations and resurrect their now dismissed causes of action using the verbiage and elements provided in the Court's January 2010 Decision.  The proper avenue for Plaintiffs' to challenge the January 2010 Decision is through the appellate process, which Plaintiffs are actively pursuing.[10]

Further, given that Plaintiffs were provided ample opportunity to conduct discovery in connection with this adversary proceeding, yet failed to make a proper demand under the 2010 Scheduling Order, Debtors would certainly suffer undue prejudice.  In essence, the Court's allowance of an amendment at this point would effectively excuse Plaintiffs' failure to abide by the 2010 Scheduling Order, which is a result the Court cannot sanction.  On at least one occasion prior to the expiration of the discovery deadline set by the 2010 Scheduling Order,[11] the Court advised Plaintiffs that they were improperly proceeding and seeking to compel discovery under a vacated Order issued by Retired Chief Judge Gerling in connection with Plaintiffs' pre-conversion objection to confirmation of Debtors' proposed Chapter 13 plan, and numerous motions whereby they sought discovery in connection therewith.  Judge Gerling issued the Order to compel discovery regarding confirmation issues on July 11, 2008 (ECF No. 31), but subsequently vacated the same by Order dated October 23, 2008 (ECF No. 53), for the reason that the Order to compel became moot by virtue of Debtors' conversion to Chapter 7.  Alternatively, Plaintiffs were advised that they were improperly proceeding and seeking to compel discovery under the Order issued by Retired Chief Judge Gerling on December 8, 2008 (ECF No. 84), which was issued in connection with Debtors' main case, but which Debtor Clinton Henderson ultimately complied with by submitting to a Court ordered Bankruptcy Rule

---

[10] Plaintiffs' appeal, filed on February 4, 2010 (EFC Adv. No. 32), is currently pending before the Honorable David N. Hurd, United States District Judge for the Northern District of New York.
[11] The Court's review of the docket reveals the pertinent hearing date as July 1, 2010.

2004 examination, albeit not to the satisfaction of Plaintiffs who unsuccessfully moved for a continuance of the Bankruptcy Rule 2004 Exam.[12]

Further, as evidenced by the record in this adversary proceeding and documents relied upon by Plaintiffs in their multitude of motions, Debtors <u>did</u> provide initial discovery in February 2009 responsive to Plaintiffs' initial (and only) demand to the extent possible pursuant to Civil Rule 26, made applicable by Bankruptcy Rule 7026.  At this point, Plaintiffs' continued reliance on their need for additional discovery is but further affirmation that they cannot and may not state a cause of action under any section other than 11 U.S.C. § 523(a)(4).  With respect to this cause of action, Plaintiffs will have their day in court and the parties will achieve much needed finality in this prolonged adversary proceeding.

### *Plaintiffs' Request to Alter or Amend the Court's September 29, 2010 Order*

Because Plaintiffs' Motion was filed on September 22, 2010, following the Court's oral ruling but prior to entry of the written order denying Plaintiffs' Motion to Compel, consideration of Plaintiffs' Motion, which may be characterized as one under Civil Rule 59(e), *see, e.g., Jiminez v. Rodriguez (In re Rodriguez)*, 233 B.R. 212, 220 (Bankr. D. P.R. 1999) ("If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e)."), is technically premature.[13]  The final judgment denying Plaintiffs' Motion to Compel was not entered until September 29, 2010, five business days after the filing of Plaintiffs' Motion.  However, given that Plaintiffs most certainly intended to seek reconsideration of the September 2010 Order, for which no grounds exist, and to put to rest any confusion as to why the

---

[12] Plaintiffs filed this motion on April 3, 2009 (ECF No. 173), which the Court denied by Order issued May 7, 2009 (ECF No. 186).

[13] Civil Rule 59 is made applicable to adversary proceedings by virtue of Bankruptcy Rule 9023.  Effective December 1, 2009, the new timeframe for filing a motion for reconsideration under Civil Rule 59 is twenty-eight days.  Bankruptcy Rule 9023 further restricts this time period to fourteen days from entry of judgment in the bankruptcy context.

Court has now denied multiple motions to compel advanced by Plaintiffs, the Court will address the same as if it had been timely made.

"The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of [the] interest in finality and conservation of scarce judicial resources." *Id.* (citations omitted); *see also, Taub v. Hershowitz (In re Taub)*, 421 B.R. 93, 107 (Bankr. E.D.N.Y. 2009) (the need for finality of the court's decisions and the preservation of judicial resources must be considered). The standard for a Rule 59(e) motion is high.

> The motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. The movant must either clearly establish a manifest error of law or must present newly discovered evidence. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance.

*Rodriguez*, 233 B.R. at 219-20 (internal citations and quotation marks omitted); *see also, Barkley v. First Franklin Fin. Corp.*, 367 F. Supp. 2d 1052, 1054-55 (S.D. Miss. 2005) (the court should also consider the importance of the evidence or arguments and the likelihood that the non-movant will suffer unfair prejudice if the motion is reconsidered).

Plaintiffs have not presented sufficient grounds for the Court to grant a Rule 59(e) motion in connection with Plaintiffs' Motion to Compel. As previously noted, Plaintiffs have filed several motions to compel the production of documents, each time seeking the same information pertaining to the parties' home improvement contract from which the parties' dispute originates. The Court has examined and is fully familiar with Plaintiffs' Initial Demand, wherein Plaintiffs

request the following information from Debtors pertaining to the parties' contract: (1) the names, addresses, and telephone numbers of all subcontractors involved in the work performed; (2) the names, addresses, and telephone numbers of all persons involved in the "financial backing" of Debtors; (3) the names, addresses, and telephone numbers of all witnesses to work performed; (4) any and all photos, videos, drawings, sketches, telephone logs, and tape recordings pertaining to work contracted for or preformed; (5) any and all documents relied upon by Debtors to justify costs associated with improvements to Plaintiffs' home; (6) any and all documents that Debtors sent to third parties; and (7) any and all documents received by Debtors from anyone relating to Plaintiffs, the parties' contract, or work performed.   Debtors have affirmed that they have complied with Plaintiffs' requests to the extent possible, and Plaintiffs have in fact relied upon certain of the produced documents in their various motions.   Debtors cannot produce what they do not have, and it seems Debtor Clinton Henderson did not maintain business records sufficient to satisfy all of Plaintiffs' demands.   Neither the Court nor Debtors can remedy Plaintiffs' dissatisfaction in this regard.   As is true of all litigants, Plaintiffs must work with the available evidence to prove their case against Debtor Clinton Henderson.   Their opportunity to do so, barring any dispositive motions, will arrive on December 6, 2010.

Given the equities of this case and the foregoing reasons, Plaintiffs' Motion is hereby denied in its entirety.

IT IS SO ORDERED.

Dated at Utica, New York
this 28th day of October 2010

/s/ DIANE DAVIS_____
Honorable Diane Davis
United States Bankruptcy Judge